**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re:  Executive Development Associates, | ) | Case No. 26-40233 |
| Inc. d/b/a EDA, Inc. | ) | |
| | ) | Chapter 11 (Voluntary) |
| Debtor and Debtor-in-Possession | ) | |

**EMERGENCY MOTION FOR APPROVAL OF PRELIMINARY ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 4001 CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED MATTERS, INCLUDING PAYROLL**

**COMES NOW** Executive Development Associates, Inc. d/b/a EDA, Inc.., the debtor and debtor-in-possession herein (the "Debtor" or "EDA"), by and through counsel, Ryan A. Blay of WM Law, and moves the Court for entry of a preliminary order authorizing the Debtor's use of cash collateral pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 4001(b), providing for adequate protection and related relief, including the right to pay ongoing and pre-petition payroll obligations. In support hereof, the Debtor states as follows:

1. On February 11, 2026, Debtor filed its voluntary Petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").  Debtor is electing to proceed under Subchapter V.

2. The Debtor has remained in possession of the property of its estate and continues operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtor operates an executive development and coaching business for C-Suite professionals, largely remotely but headquartered in Lee's Summit, Missouri (the "Business").

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor seeks relief under 11 U.S.C. § 363(c)(2) and (e), Fed. R. Bankr. P. 4001(b), and 11 U.S.C. § 105(a).

5. The Debtor's operations generate receipts and deposits that may be subject to one or more creditors' asserted security interests and/or liens in accounts, inventory, proceeds, deposit accounts, and related cash and equivalents. To the extent such interests exist, the cash and equivalents constitute "cash collateral" as defined in 11 U.S.C. § 363(a) (the "Cash Collateral").

6. The Debtor has not yet completed a final, comprehensive analysis of all asserted liens and their scope, perfection, validity, and priority. The Debtor nevertheless believes that one or more secured creditors may assert an interest in certain of the Debtor's Cash Collateral (the "Secured Parties").   The Debtor believes that the United States Small Business Administration ("SBA") holds a first position lien on Cash Collateral.  This Motion is filed without prejudice to the Debtor's and the estate's rights to contest, avoid, subordinate, surcharge, or otherwise challenge any asserted lien or claim.

7. The Debtor cannot operate its Business without the ability to use Cash Collateral to fund post-Petition ordinary course expenses, including payroll, taxes, critical vendors (especially related to the Debtor's unique technology), insurance, and other operating costs. Absent authority to use Cash Collateral, the Debtor will suffer immediate and irreparable harm and will likely be forced to cease operations to the detriment of the estate and all creditors.

8. The Debtor therefore seeks (i) entry of an interim/preliminary order authorizing the Debtor's use of Cash Collateral in accordance with the Budget (defined below) pending a final hearing (and, if an objection is filed, pending an expedited hearing as necessary), and (ii) entry of a final order authorizing continued use of Cash Collateral for 90 days post-petition, or through confirmation, or for a period the Court deems equitable and proper, and until further order of the Court.

9. Attached hereto as ***Exhibit: A*** and incorporated by reference as if fully set forth herein is the Debtor's post-petition budget of projected receipts and disbursements (the "Budget"). The Budget was prepared in good faith using the Debtor's historical operating results, and reflects reasonable forward-looking assumptions.

10. The Budget is designed to reflect the Debtor's ordinary course cash needs and includes, among other items, a consolidated payroll line ("Payroll With Benefits)") based on normalized historical costs, and payment timing assumptions consistent with its ordinary course of practice.

11. The income component of the budget is highly variable because it will depend on how many clients the Debtor is able to secure. The Debtor believes the assumptions used for the budget are reasonable based on recent performance and does not depend upon extraordinary transactions.

12. The Debtor proposes that, effective as of the Petition Date, each Secured Party shall be granted replacement liens on post-petition property of the Debtor and post-petition proceeds of the same type of collateral in which such Secured Party held a prepetition interest, to the

same extent and priority as such prepetition interest, solely to the extent of any diminution in value of such Secured Party's interest resulting from the Debtor's use of Cash Collateral. (the "Replacement Liens"). The amount of each Replacement Lien shall be up to the amount of any diminution in the applicable Secured Party's collateral position from the Petition Date, and the priority of each Replacement Lien shall be the same priority as such Secured Party's prepetition interest in similar property, if any.

13. The Debtor further proposes that any Replacement Lien granted pursuant to the interim order shall be effective and perfected upon entry of the interim order without the necessity of execution or filing of financing statements, control agreements, or similar documents; provided, however, that any Secured Party shall be authorized (but not required) to file such documents to evidence or perfect such Replacement Liens, and any ministerial error or omission shall not affect validity or priority.

14. The Debtor shall continue to maintain adequate insurance coverage on its property and assets in the ordinary course and shall timely file all post-petition tax returns and make timely deposits and payments of post-petition taxes as they come due in the ordinary course, consistent with the Budget.

15. The Debtor shall not use Cash Collateral to pay prepetition principal or prepetition interest on any prepetition indebtedness except as (i) expressly authorized by a separate order of the Court, (ii) agreed to in writing by the applicable Secured Party and disclosed to the Court, or (iii) otherwise permitted under the interim/final cash collateral order.

16. The Debtor requests authority to operate substantially in accordance with the Budget, subject to modest variances consistent with ordinary course operations. Specifically, the Debtor requests that the Court authorize (a) variances in any single line item of up to ten percent (10%), and (b) aggregate variances (total disbursements) of up to ten percent (10%) for any measurement period, without further Court order, provided the Debtor is acting in good faith to preserve the Business and the estate and is not making prohibited payments under paragraph 15 above. Variances beyond these thresholds would require consent of the applicable Secured Party or further order of the Court.

17. The Debtor further proposes to provide reasonable post-petition reporting consistent with customary cash collateral practice in this district, including periodic operating reports filed with the Court and made available to all parties in interest through CM/ECF, and such additional budget-to-actual reporting to Secured Parties as the Court may direct or as may be agreed.

18. Curing delinquencies in February payroll and continuing to pay ongoing payroll is vital to the Debtor's operations.  On the date of filing, Debtor owed its majority owner, Bonnie Timms, for payroll, as well as David Komar, President, Gian Colombo, Chief Design Officer, Liv D'Aquino, Data and Technology Specialist, and Dikesh Chokshi, the CTO.  Ms. Timms, Mr. Komar and Mr. Chokshi have all taken reductions in their salary over the past two years to help address cash flow issues with the company.

19. Although these numbers are subject to change, pending court approval, Ms. Timms has a yearly salary of $139,000, Mr. Komar's salary is $25,584, Ms. Aquino's salary is $60,000, Mr. Chokshi's salary is $100,000, and Mr. Colombo's salary is $122,876 per year.  Upon information and belief, Ms. Timms is the only party on payroll to be considered an insider.

20. Each were owed one paycheck on the date of filing.  The amounts are all reasonable for the industry, essential for the operations of the business, and all under the amounts specified in 11 U.S.C. Section 507(a)(4).

21. Attached hereto as *Exhibit B* and incorporated by reference as if fully set forth herein is the Debtor's proposed interim order granting this Motion and scheduling a final hearing pursuant to Fed. R. Bankr. P. 4001(b) (the "Proposed Interim Order").

22. Nothing in the interim order or any final order entered on this Motion shall constitute a waiver, release, or final adjudication of (a) the validity, priority, extent, perfection, or enforceability of any lien or claim, (b) the Debtor's and estate's rights, defenses, setoffs, recoupments, or avoidance actions, or (c) any party's right to seek additional adequate protection or other relief as appropriate.

WHEREFORE, the Debtor respectfully requests that the Court enter for (i) an interim/preliminary order authorizing the Debtor to use Cash Collateral for payment of normal and necessary expenses of the Business in accordance with the Budget, subject to the variance authority described above, pending final hearing; (ii) an order scheduling a prompt final hearing pursuant to Fed. R. Bankr. P. 4001(b); (iii) a final order authorizing continued use of Cash Collateral for **90 days post-petition, or through confirmation**, or until further order of the Court; (iv) authority to pay pre-petition payroll owe as of February 11, 2026 and ongoing payroll and (v) such other and further relief as the Court deems just and proper.

Dated: February 13, 2026          Respectfully submitted,
                                  WM Law

                                  s/ Ryan A. Blay

Ryan A. Blay, #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that on February 13, 2026, the foregoing was delivered electronically to all parties that are registered to receive electronic filings on CM/ECF/PACER, and via regular first class, postage prepaid to the parties listed below that are not registered to receive electronic filings.

**[See attached Mailing Matrix]**                    s/ Ryan A. Blay

Label Matrix for local noticing
0866-4
Case 26-40233-can11
Western District of Missouri
Kansas City
Fri Feb 13 16:26:19 CST 2026

Executive Development Associates, Inc.
101 Park Avenue, Ste. 285
Oklahoma City, OK 73102-7209

Missouri Department of Revenue
Bankruptcy Unit
P.O Box 475
Jefferson City, MO 65105-0475

U.S. Trustee
Room 3440
400 East 9th Street
Kansas City, MO 64106-2625

Academy Bank
1200 E Santa Fe
Olathe KS 66061-0000

Academy Bank
1201 Walnut St.
Kansas City MO 64106-2149

American Express
Customer Service
PO Box 981535
El Paso TX 79998-1535

American Express
PO Box 981537
El Paso TX 79998-1537

Bonnie Timms
836 N Broadway
in care of Helen Whitford
Edmond OK 73034-3607

Cable One, Inc.
c/o Todd Koetje, CEO
210 East Earll Drive
Phoenix AZ 85012-2626

Credibly of Arizona LLC
1501 W Fountainhead Parkway
#630
Tempe AZ 85282-1857

Credibly of Arizona LLC
25200 Telegraph Rd #350
Southfield MI 48033-7416

David Komar
7820 NW Cadwallader Rd.
Kansas City MO 64152-3012

Dikesh Chokshi
7414 Winding Lake Cir.
Oviedo FL 32765-5661

Epic Advance
311 Boulevard of the Americas
Lakewood NJ 08701-4958

Ershowsky Verstandig PLLC
c/o attorney Joseph Jacobs
290 Central Avenue, Ste. 109
Lawrence NY 11559-8507

Fundomate
8201 Beverly Blvd,
Los Angeles CA 90048-4542

Gian Colombo
1519 Nottingham Dr.
Winter Park FL 32792-2224

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

JPMBCB Card Services
PO Box 15369
Wilmington DE 19850-5369

Kansas Department of Revenue
PO Box 12005
Topeka KS 66612-2005

Liv D'Aquino
716 Hemphill Rd.
Stockbridge GA 30281-2930

Missouri Department of Revenue
PO Box 475
Jefferson City MO 65105-0475

Missouri Dept. of Revenue
Insolvency Unit
PO Box 475
Jefferson City MO 65105-0475

Pershing Ventures
1712 Pioneer Ave Suite 594
Cheyenne WY 82001-4406

(p)INTUIT FINANCING INC
ATTN C/O SYSTEMS & SERVICES TECHNOLOGIES
4315 PICKETT ROAD
ST JOSEPH MO 64503-1600

Scott Dannemiller
Lifework Associates
408 Ramble Woods Circle
Nashville TN 37221-4039

Small Business Administration
Commercial Loan Service Center
Attention: Purchase Unit
2120 Riverfront Dr. Suite 100
Little Rock AR 72202-1794

Small Business Administration
PO Box 3918
Portland OR 97208-3918

Small Business Administration (SBA)
District Counsel
220 West Douglas Ave, Ste. 450
Wichita KS 67202-3137

Smart Business Funding
2420 NE 186th St
Miami FL 33180-0000

St. Luke's University Health Network
c/o Richard A Anderson, CEO
801 Ostrum St.
Bethlehem PA 18015-1000

(p)U S  ATTORNEY FOR THE WESTERN DISTRICT OF
ATTN BANKRUPTCY
400 E 9TH ST
SUITE 5510
KANSAS CITY MO 64106-2637

US SBA
14925 Kingsport Rd.
Fort Worth TX 76155-2243

US Small Business Admin.
10737 Gateway West, #300
El Paso TX 79935-4910

George Matthew Barberich Jr
GlassRatner Advisory & Capital Group, LL
7101 College Boulevard
Suite 730
Overland Park, KS 66210-2075

Ryan A. Blay
Wm Law
15095 W 116th St.
Olathe, KS 66062-1098


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Quickbooks Capital
2700 Coast Ave.
Mountain View CA 94043-0000

US Attorney
400 East 9th Street
Room 5510
Kansas City MO 64106-0000

End of Label Matrix
Mailable recipients    36
Bypassed recipients     0
Total                  36