**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | Executive Development Associates, | ) | Case No. 26-40233 |
| | Inc. d/b/a EDA, Inc. | ) | |
| | | ) | Chapter 11 (Voluntary) |
| | Debtor and Debtor-in-Possession | ) | |

**<u>MOTION FOR AN IMMEDIATE RULING OR AN EMERGENCY HEARING
REGARDING DEBTOR's EMERGENCY MOTION FOR APPROVAL OF
PRELIMINARY ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 4001
CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR
ADEQUATE PROTECTION AND RELATED MATTERS, INCLUDING PAYROLL</u>**

**COMES NOW** Debtor, Executive Development Associates, Inc. d/b/a EDA, Inc.., by and through Counsel, and for this Motion for an Immediate Ruling or Emergency Hearing on Debtors' Amended and Emergency Motion to Incur Additional Indebtedness, hereby states as follows:

1. On February 11, 2026, Debtor filed its voluntary Petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. The Debtor has remained in possession of the property of its estate and continues operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtor operates an executive development and coaching business for C-Suite professionals, largely remotely but headquartered in Lee's Summit, Missouri (the "Business").

4. The Debtor's ongoing operations depend upon immediate access to cash collateral to fund payroll, insurance, and other ordinary course expenses necessary to preserve estate value.

5. Waiting the statutory 21-day objection deadline will cause the Debtor to suffer irreparable harm and will be forced to cease its business operations to the detriment of the secured creditors and all other creditors.

6. In light of the above, Debtor requests the Court for an expedited hearing on the Emergency Motions.

1

7.      Undersigned Counsel requests that proposed hearing dates and times for a forthcoming order on this Motion be sent to Counsel's staff at: Rosana@wagonergroup.com in order to avoid delays.

8.      Expediting Debtors' Amended Motion to Incur Debt will not hinder or modify the rights of general unsecured creditors.

**WHEREFORE**, the Debtor respectfully requests that the Court enter for (i) an interim/preliminary order authorizing the Debtor to use Cash Collateral for payment of normal and necessary expenses of the Business in accordance with the Budget, subject to the variance authority described above, pending final hearing; (ii) an order scheduling a prompt final hearing pursuant to Fed. R. Bankr. P. 4001(b); (iii) a final order authorizing continued use of Cash Collateral for **90 days post-petition, or through confirmation**, or until further order of the Court; (iv) authority to pay pre-petition payroll owe as of February 11, 2026 and ongoing payroll and (v) such other and further relief as the Court deems just and proper.

Dated: 2/16/2026                    Respectfully submitted,
                                    WM Law

                                    /s/ Ryan A. Blay
                                    Ryan A. Blay MO #KS001066
                                    15095 W. 116th St.
                                    Olathe, KS 66062
                                    Phone (913) 422-0909
                                    Fax (913) 428-8549
                                    blay@wagonergroup.com
                                    ATTORNEY FOR DEBTORS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion was served, in addition to the parties notified by the U.S. Bankruptcy Court's electronic notification, upon the creditors listed on the mailing matrix, and other parties in interest via US First Class Mail, postage prepaid, on 2/16/2026.

/s/ Ryan A. Blay

2