**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | Executive Development Associates, Inc. d/b/a EDA, Inc. | ) ) | Case No. 26-40233 |
| | | ) ) | Chapter 11 (Voluntary) |
| | Debtor and Debtor-in-Possession | ) | |

**EMERGENCY MOTION FOR APPROVAL OF PRELIMINARY ORDER PURSUANT
TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 4001 CONCERNING THE USE OF CASH
COLLATERAL**

**COMES NOW** Executive Development Associates, Inc. d/b/a EDA, Inc.., the debtor and debtor-in-possession herein (the "Debtor" or "EDA"), by and through counsel, Ryan A. Blay of WM Law, and moves the Court for entry of a preliminary order authorizing the Debtor's use of cash collateral pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 4001(b), providing for adequate protection and related relief, In support hereof, the Debtor states as follows:

1. On February 11, 2026, Debtor filed its voluntary Petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Debtor is electing to proceed under Subchapter V.

2. The Debtor has remained in possession of the property of its estate and continues operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtor operates an executive development and coaching business for C-Suite professionals, largely remotely but headquartered in Lee's Summit, Missouri (the "Business").

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor seeks relief under 11 U.S.C. § 363(c)(2) and (e), Fed. R. Bankr. P. 4001(b), and 11 U.S.C. § 105(a).

5. The Debtor's operations generate receipts and deposits that may be subject to one or more creditors' asserted security interests and/or liens in accounts, inventory, proceeds, deposit accounts, and related cash and equivalents. To the extent such interests exist, the cash and equivalents constitute "cash collateral" as defined in 11 U.S.C. § 363(a) (the "Cash Collateral").

6. The Debtor has not yet completed a final, comprehensive analysis of all asserted liens and their scope, perfection, validity, and priority. The Debtor nevertheless believes that one or more secured creditors may assert an interest in certain of the Debtor's Cash Collateral (the

"Secured Parties").    The Debtor believes that the United States Small Business Administration ("SBA") holds a first position lien on Cash Collateral.  This Motion is filed without prejudice to the Debtor's and the estate's rights to contest, avoid, subordinate, surcharge, or otherwise challenge any asserted lien or claim.

7.  The Debtor cannot operate its Business without the ability to use Cash Collateral to fund post-Petition ordinary course expenses, including payroll, taxes, critical vendors (especially related to the Debtor's unique technology), insurance, and other operating costs. Absent authority to use Cash Collateral, the Debtor will suffer immediate and irreparable harm and will likely be forced to cease operations to the detriment of the estate and all creditors.

8.  The Debtor therefore seeks (i) entry of an interim/preliminary order authorizing the Debtor's use of Cash Collateral in accordance with the Budget (defined below) pending a final hearing (and, if an objection is filed, pending an expedited hearing as necessary), and (ii) entry of a final order authorizing continued use of Cash Collateral for 90 days post-petition, or through confirmation, or for a period the Court deems equitable and proper, and until further order of the Court.

9.  Attached hereto as ***Exhibit: A*** and incorporated by reference as if fully set forth herein is the Debtor's post-petition budget of projected receipts and disbursements (the "Budget"). The Budget was prepared in good faith using the Debtor's historical operating results, and reflects reasonable forward-looking assumptions.

10. The Budget is designed to reflect the Debtor's ordinary course cash needs and includes, among other items, a consolidated payroll line ("Payroll With Benefits)") based on normalized historical costs, and payment timing assumptions consistent with its ordinary course of practice.

11. The income component of the budget is highly variable because it will depend on how many clients the Debtor is able to secure. The Debtor believes the assumptions used for the budget are reasonable based on recent performance and does not depend upon extraordinary transactions.

12. The Debtor proposes that, effective as of the Petition Date, each Secured Party shall be granted replacement liens on post-petition property of the Debtor and post-petition proceeds of the same type of collateral in which such Secured Party held a prepetition interest, to the same extent and priority as such prepetition interest, solely to the extent of any diminution in value of such Secured Party's interest resulting from the Debtor's use of Cash Collateral. (the "Replacement Liens"). The amount of each Replacement Lien shall be up to the amount of

any diminution in the applicable Secured Party's collateral position from the Petition Date, and the priority of each Replacement Lien shall be the same priority as such Secured Party's prepetition interest in similar property, if any.

13. The Debtor further proposes that any Replacement Lien granted pursuant to the interim order shall be effective and perfected upon entry of the interim order without the necessity of execution or filing of financing statements, control agreements, or similar documents; provided, however, that any Secured Party shall be authorized (but not required) to file such documents to evidence or perfect such Replacement Liens, and any ministerial error or omission shall not affect validity or priority.

14. The Debtor shall continue to maintain adequate insurance coverage on its property and assets in the ordinary course and shall timely file all post-petition tax returns and make timely deposits and payments of post-petition taxes as they come due in the ordinary course, consistent with the Budget.

15. The Debtor shall not use Cash Collateral to pay prepetition principal or prepetition interest on any prepetition indebtedness except as (i) expressly authorized by a separate order of the Court, (ii) agreed to in writing by the applicable Secured Party and disclosed to the Court, or (iii) otherwise permitted under the interim/final cash collateral order.

16. The Debtor requests authority to operate substantially in accordance with the Budget, subject to modest variances consistent with ordinary course operations. Specifically, the Debtor requests that the Court authorize (a) variances in any single line item of up to ten percent (10%), and (b) aggregate variances (total disbursements) of up to ten percent (10%) for any measurement period, without further Court order, provided the Debtor is acting in good faith to preserve the Business and the estate and is not making prohibited payments under paragraph 15 above. Variances beyond these thresholds would require consent of the applicable Secured Party or further order of the Court.

17. The Debtor further proposes to provide reasonable post-petition reporting consistent with customary cash collateral practice in this district, including periodic operating reports filed with the Court and made available to all parties in interest through CM/ECF, and such additional budget-to-actual reporting to Secured Parties as the Court may direct or as may be agreed.

18. Attached hereto as *Exhibit B* and incorporated by reference as if fully set forth herein is the Debtor's proposed interim order granting this Motion and scheduling a final hearing pursuant to Fed. R. Bankr. P. 4001(b) (the "Proposed Interim Order").

19. Nothing in the interim order or any final order entered on this Motion shall constitute a waiver, release, or final adjudication of (a) the validity, priority, extent, perfection, or enforceability of any lien or claim, (b) the Debtor's and estate's rights, defenses, setoffs, recoupments, or avoidance actions, or (c) any party's right to seek additional adequate protection or other relief as appropriate.

   **WHEREFORE**, the Debtor respectfully requests that the Court enter for (i) an interim/preliminary order authorizing the Debtor to use Cash Collateral for payment of normal and necessary expenses of the Business in accordance with the Budget, subject to the variance authority described above, pending final hearing; (ii) an order scheduling a prompt final hearing pursuant to Fed. R. Bankr. P. 4001(b); (iii) a final order authorizing continued use of Cash Collateral for **90 days post-petition, or through confirmation**, or until further order of the Court; (iv) authority to pay pre-petition payroll owe as of February 11, 2026 and ongoing payroll and (v) such other and further relief as the Court deems just and proper.

Dated: 2/17/2026

Respectfully submitted,
WM Law

s/ Ryan A. Blay
Ryan A. Blay, #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR

### CERTIFICATE OF SERVICE

I, the undersigned hereby certify that on 21:23, the foregoing was delivered electronically to all parties that are registered to receive electronic filings on CM/ECF/PACER, and via regular first class, postage prepaid to the parties listed below that are not registered to receive electronic filings.

**[See attached Mailing Matrix]**                    s/ Ryan A. Blay

| Category | Bill | Monthly to | ###### | Beginning | Amount Annually |
|---|---|---|---|---|---|
| Human Capital | Payroll with Benefits | $ 42,788.00 | | $ 23,125.00 | $ 277,500.00 |
| | Prescient Assurance Company Vision Insurance | $ 166.67 | | 166.67 | 2,000.04 |
| | Development Team | $ 5,360.00 | | | |
| | LinkedIn | | | | |
| Insurance | First Insurance Funding - combined 3 insurance policies - cyber insurance + professional liability & D&O | $ 1,208.99 | | $ 1,208.99 | $ 14,507.88 |
| | Lincoln Life Insurance - keyman | $ 137.98 | | $ 137.98 | $ 1,655.76 |
| Legal | Legal Misc | | | $ 25.00 | $ 300.00 |
| | US Patent and Trademark Renwals | | | $ 25.00 | $ 300.00 |
| | MO SEC of State Fees | | | $ - | |
| | Bankruptcy | | $20,000.00 | | |
| | MCA Lawyer | | $ 6,000.00 | | |
| Operations | MBTI - Elevate Essential License | $ 195.00 | | $ 16.25 | $ 195.00 |
| | Quickbooks | $ 16.25 | | $ 7.43 | $ 89.10 |
| | Calendly | $ 40.00 | | $ 40.00 | $ 480.00 |
| | AT&T | $ 347.23 | | $ 250.00 | $ 3,000.00 |
| | Phone.com | $ 47.80 | | $ 47.80 | $ 573.60 |
| | Ascend Technologies Internal IT Services | $ 268.50 | | $ 268.50 | $ 3,222.00 |
| | iPostal | $ 30.00 | | $ 30.00 | $ 360.00 |
| | Docusign | $ 25.00 | | $ 25.00 | $ 300.00 |
| | Ktag / Tolls | $ 30.00 | | $ 30.00 | $ 360.00 |
| | OKC Office | $ 500.00 | | $ 500.00 | $ 6,000.00 |
| | OKC Office Parking | $ 100.00 | | $ 100.00 | $ 1,200.00 |
| | LiveBinders | $ 19.94 | | $ 19.94 | $ 239.28 |
| | Adobe | $ 23.99 | | $ 23.99 | $ 287.88 |
| | OpenAi ChatGPT Business Subscription | $ 60.00 | | $ 60.00 | $ 720.00 |
| Tech & Cyber Security | Drata | $ 2,000.00 | | $ 2,000.00 | $ 2,000.00 |
| | Atlassian / Jira | $ 17.07 | | $ 17.07 | $ 204.84 |
| | Framer | $ 50.00 | | $ 50.00 | $ 600.00 |
| | Akismet, a WordPress spam-filtering | $ 9.92 | | $ 9.92 | $ 119.04 |
| | JetBrains Americas INC | $ 7.05 | | $ 7.05 | $ 84.60 |
| | GITHUB, INC. | $ 30.00 | | $ 30.00 | $ 360.00 |
| | BROWSERLESS BROWSERLESS.IDE (developer automation) | $ 25.00 | | $ 25.00 | $ 300.00 |
| | Amazon Web Services | $ 625.00 | | $ 625.00 | $ 7,500.00 |
| | Azure | $ 5,000.00 | | $ 5,000.00 | $ 60,000.00 |
| | Monday | $ 51.00 | | $ 51.00 | $ 612.00 |
| Sales & Marketing | GoDaddy - Web site hosting | $ 43.95 | | $ 43.95 | $ 527.41 |
| | Appollo.io Lead Gen | $ 416.67 | | $ 200.00 | $ 2,400.00 |
| | Siteground | $ 54.48 | | $ 54.48 | $ 653.76 |
| | Sendgrid | $ 948.85 | | $ 948.85 | $ 11,386.20 |
| | MILLION VERIFIER | $ 16.58 | | $ 16.58 | $ 199.00 |
| | HEYGEN TECHNOLOGY INC. | $ 30.00 | | $ 30.00 | $ 60.00 |
| | HUNTER.IO STARTER | | | $ - | |
| Business Development | Meals | $ 40.00 | | $ 40.00 | $ 480.00 |
| | Meeting Space Rental | $ 41.67 | | $ 41.67 | $ 500.00 |
| | LinkedIn | $ 435.00 | | $ 435.00 | $ 5,220.00 |
| | WomenExecs on Boards _ Biz Dev | $ 91.67 | | $ 91.67 | $ 1,100.00 |
| | KC Ai Club | $ 60.00 | | $ - | |
| | Lodging OKC office | $ 200.00 | | | |
| | Airport Parking | $ 60.00 | | $ 60.00 | $ 720.00 |
| | CLEAR Membership | | | | $ 129.00 |
| Budget | | $ 61,619.26 | | $ 35,884.79 | $ 430,617.42 |
| Estimated 90 day budget | | $ 133,388.83 | | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | Executive Development Associates, Inc. | ) | Case No. 26-40233 |
| | d/b/a EDA, Inc. | ) | |
| | | ) | Chapter 11 (Voluntary) |
| | Debtor and Debtor-in-Possession | ) | Subchapter V |

**ORDER GRANTING EMERGENCY MOTION FOR APPROVAL OF PRELIMINARY ORDER
PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 4001 CONCERNING THE USE OF
CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION AND RELATED
MATTERS,**

On **2/13/2026,** Debtor filed **Doc. #___ in Case No. 26-40233,** the above Captioned Motion (**hereinafter the "First Day Motion")**.  The Court finds that said First Day Motions are satisfactory and therefore should be GRANTED.

In doing so, the Court makes the following findings:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Debtor is a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4. The relief requested in the Motion is necessary to permit the Debtor to preserve and maintain its estate, avoid immediate and irreparable harm, and maximize value for creditors.

5. The Debtor's post-petition income, proceeds, and deposit accounts may be subject to asserted liens and security interests of one or more creditors, including the Debtor's primary secured lender, the United States Small Business Administration (the "Secured Creditor"), and to the extent such interests exist, constitute "cash collateral" as defined in 11 U.S.C. § 363(a).

6. The Debtor has demonstrated that the proposed use of cash collateral is reasonable, necessary, and appropriate under 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001(b).

7. The adequate protection provided herein satisfies the requirements of 11 U.S.C. §§ 361 and 363(e).

**IT IS FURTHER ORDERED** that the Debtor's interim use of Cash is expressly conditioned upon the following:

1. Authorization to Use Cash Collateral. Subject to the terms of this Interim Order, the Debtor is authorized to use cash collateral solely in accordance with the Budget attached as *Exhibit A* to the Motion, including for the payment of ordinary and necessary expenses required to preserve and maintain the Debtor's estate.

2. Adequate Protection. To the extent the Secured Creditor holds a valid, perfected, and unavoidable pre-petition interest in the Debtor's cash collateral, the Secured Creditor shall receive the following adequate protection:

(a) Replacement Liens. As additional adequate protection pursuant to 11 U.S.C. § 361(2), the Secured Creditor is granted replacement liens on post-petition rents, income, and proceeds of the Property, to the same extent and priority as any valid prepetition liens held by the Secured Creditor, solely to the extent of any diminution in value of the Secured Creditor's interest resulting from the Debtor's use of cash collateral.

(b) Preservation of Property. The Debtor shall maintain insurance coverage on the Property and shall take reasonable steps in the ordinary course of business to preserve and protect the Property.

3. Reservation of Rights. Nothing in this Interim Order shall constitute a finding or admission as to the validity, extent, priority, or enforceability of any lien or claim; waive, release, or impair any rights, claims, defenses, offsets, recoupments, or causes of action of the Debtor or the estate, including avoidance actions and surcharge rights under 11 U.S.C. § 506(c); or prejudice the rights of any party in interest.

4. Interim Nature of Relief. This Interim Order is entered without prejudice to the rights of any party to seek modification of the relief granted herein or to request additional or different adequate protection at the final hearing.

**IT IS THEREFORE ORDERED as to the Motion for Use of Cash Collateral** that the Motion is hereby GRANTED on an interim basis authorizing the Debtor's interim use of cash collateral and inventory until further order of this Court.

**IT IS SO ORDERED.**

### 

Respectfully submitted by:
WM Law

s/ Ryan A Blay_____
Ryan A. Blay, #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR