**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Executive Development Associates, Inc.** | ) | **Case No.  26-40233-can** |
| | ) | |
| **Debtor.** | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY**
**MOTION FOR AUTHORIZATION TO PAY CRITICAL VENDORS**

Jerry Jensen, the Acting United States Trustee for Region 13, files this response and objection to the Debtor's Emergency Motion for Authorization to Pay Critical Vendors ("Critical Vendors' Motion").  In support, the United States Trustee states as follows:

1.     Debtor Executive Development Associates, Inc. filed a voluntary petition under Subchapter V of Chapter 11 on February 11, 2026.

2.     On February 17, the Debtors filed the Critical Vendors' Motion, and the Court set an expedited hearing on the Critical Vendors' Motion for February 19, 2026.

3.     Creditors and interested parties will have received, at most, approximately two business days' notice of the expedited hearing.

4.     Debtor's Critical Vendors' Motion mentions two vendors, Drata and Azure, but doesn't specify what amount, if any, was owed to them as of the date of filing.[1]  Rather, the Motion simply states the monthly cost for each service and generically goes on to say that payments to critical vendors are "incorporated into the budget submitted as part of the Debtor's Motion to Use Cash Collateral."[2]

5.     The Bankruptcy Code does not recognize "critical vendors," and no provision of the Bankruptcy Code expressly authorizes payment.  Nevertheless, bankruptcy courts, including this Court, have authorized payments to certain "critical vendors" under the "doctrine of necessity" and have variously cited to sections 105, 363, 364 or 1107 as permitting these extra-statutory, preferential payments.

6.     Generally, payments to critical vendors are for pre-petition services, which would

---

[1] Also, neither of these creditors was listed on Schedules E/F, which would imply that they were not owed money as of the date of filing.

[2] The budget referenced by the Debtor is a 90-day budget, with multiple similar vendors listed.

normally be non-priority unsecured claims, but which need to be paid in order for the Debtor to continue and maintain business operations. Based upon the limited and deficient information provided by the Debtor in the Critical Vendors' Motion, it is unclear whether there are any such creditors who would qualify as critical vendors in this case.

7.     Assuming that there are such creditors, allowing such payments is an "extraordinary remedy" and this Court has ruled that a debtor bears the burden of proving up the following factors:

a) whether procedural requirements were satisfied;

b) whether the arrangement between the debtor and each critical vendor was negotiated at arms-length;

c) whether approval of borrowing is critical to the future of the debtor's business, i.e., whether the debtor could have obtained the goods and services from this vendor or from another vendor and, if so, at what price and on what terms;

d) whether the transaction confers a benefit on the estate and its creditors and not just on the favored creditors;

e) whether interested parties were represented and, if not, the level of sophistication possessed by unrepresented parties; and

f) the extent to which there was unanimous support or strong disagreement from the creditor body.

*See O & S, Inc., Trucking,* 2012 WL 2803738 *2 (Bankr. W.D.Mo. June 29, 2012) (Federman, J) (*citing In re Kmart Corp.*, 359 F.3d 866, 873 (7th Cir. 2004)).

8.     In addition, to the extent Debtor establishes a factual basis for preferential payment of pre-petition, non-priority, unsecured claims, the relief that may be granted is limited to what "is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.

9.     Bankruptcy Rule 6003 imposes a procedural time restriction on the granting of a motion to pay critical vendors.  In relevant part, Rule 6003 provides that:

Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following:

* * * * * * *

(b)  a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, *including a motion to pay all or part of a claim that arose before the filing*

*of the petition*, but not a motion under Rule 4001; or (emphasis added)

10. The Critical Vendor Motion was filed on February 17, 2026. Pursuant to Rule 6003(b), it should not be set for final determination and hearing before March 4, 2026.

WHEREFORE, the United States Trustee respectfully requests the Court's order granting the Critical Vendors' Motion only if Debtor can satisfy the requirements of prevailing law and then only on an interim basis to the extent that Debtor establishes that the requested relief is necessary to avoid immediate and irreparable harm, and for such other and further relief as may be just and proper.

Dated: February 18, 2026

Respectfully submitted,

JERRY L. JENSEN
ACTING UNITED STATES TRUSTEE

By: */s/ Jill D. Parsons*
JILL D. PARSONS   MO #49835
Assistant United States Trustee
Office of the U.S. Trustee
400 East 9th St., Ste 3440
Kansas City, MO 64106
Telephone: (816) 512-1943

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing served upon all parties receiving electronic notification and upon the following parties by electronic notification or first-class mail, postage prepaid, this 18th day of February 2026.

By: */s/ Jill D. Parsons*
Jill D. Parsons

-3-