**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | Executive Development Associates,<br>Inc. d/b/a EDA, Inc. | ) | Case No. 26-40233 |
| | | ) | |
| | | ) | Chapter 11 (Voluntary) |
| | Debtor and Debtor-in-Possession | ) | |

**AMENDED AFFIDAVIT OF DISINTERESTEDNESS IN SUPPORT OF AMENDED**
**PPLICATION FOR EMPLOYMENT OF COUNSEL FOR DEBTOR AND PRELIMINARY**
**APPROVAL OF FEE ARRANGEMENT**

| | |
|---|---|
| State of Kansas | ) |
| | ) ss. |
| County of Johnson | ) |

I, Ryan A. Blay, under oath and penalty of perjury hereby state the following:

1.      I am a senior partner with the law firm, Wagoner Bankruptcy Group, P.C., d.b.a W M Law, located at: 15095 West 116th St., Olathe, Kansas 66062, who employs attorneys, Chelsea Williamson, Jeffrey L. Wagoner, Ryan M. Graham, Errin P. Stowell, Bryan P. Cardwell, Megan M. Tiede, and Luke Trusdale, as well as myself and other paralegals/staff (hereinafter collectively "W M Law"), and who are all licensed to practice law before the before the United States Bankruptcy Court for the District of Kansas.

2.      This Amended Affidavit is submitted in connection with W M Law's foregoing Application for Employment as Counsel on behalf of the above-captioned Debtor and Debtor-in-Possession, Mast Trucking Inc.

3.      In preparing this Affidavit, I have reviewed and examined the Debtor's client records, business records, financial affairs, and have made a personal inquiry of the Debtor.  To the best of my knowledge, I have determined that W M Law has no relevant connection to the Debtor, other than as Debtor's counsel, nor any relevant connection to the Debtor's creditors, any party of interest, their respective attorneys and/or accountant, the United States Trustee (the "UST"), or any persons employed by the UST.

4.      W M Law is not a creditor, an equity security holder or an insider of Debtor, and is not and was not a director, officer, or employee of the Debtor. W M Law does not have an interest materially adverse to the interest of the bankruptcy estate, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason. **To be abundantly clear, the applicant has no connections whatsoever with the above referenced parties or any other party listed under Fed. R. Bankr. P. 2014((a)(2)(F).**

5.      W M Law is a disinterested party as defined in 11 U.S.C. § 101(14).

6.      The Debtors have requested, and W M Law has agreed, to engage in the representation of the Debtor in this proceeding at hourly fees which commensurate their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who are anticipated to work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $400.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Errin P. Stowell | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Chelsea Williamson | $300.00 |
| Attorney, Megan M. Tiede | $275.00 |
| Attorney, Bryan P. Cardwell | $275.00 |
| Attorney, Luke Trusdale | $250.00 |
| Paralegal, Douglas Sisson | $175.00 |
| Paralegal, Ana Van Noy | $175.00 |
| Paralegal, Betsy Hayman | $175.00 |
| Paralegal, Rosana Tovalin | $175.00 |
| Paralegal, Sylvia Camacho | $175.00 |
| Paralegal, Michael Sandri | $175.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses it incurs during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

7.      After conflicts checks reasonable for the industry, it has been determined that W M Law does not and will not represent any such entity in connection with this Chapter 11 Case and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtor or the estate(s). **To be abundantly clear, the applicant has no connections whatsoever with the above referenced parties or any other party listed under Fed. R. Bankr. P. 2014((a)(2)(F).**

8.      In light of the foregoing, I believe that W M Law Firm does not hold or represent any interest materially adverse to the Debtor, the estate(s), creditors, or equity interest holders, as identified to W M Law, with respect to the matters in which W M Law will be engaged.

9.      Except as set forth herein, no promises have been received by W M Law or any partner, associate, or other professional thereof as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Western District of Missouri, and orders of this Court.

2

10. W M Law further states that it has not shared, nor agreed to share any compensation received in connection with this Case with another party or person, except as permitted by 11 U.S.C. § 504(b) and F.R.B.P. Rule 2016.

11. The foregoing constitutes the statement of W M Law pursuant to 11 U.S.C. § 329 and § 504, and F.R.B.P. Rules 2014 and 2016(b).

I, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: February 25, 2026

_____
Ryan A. Blay, KS #28110, MO# KS-001066
Senior Partner
Wagoner Bankruptcy Group, P.C., d/b/a W M Law
15095 W. 116th St.
Olathe KS, 66062
blay@wagonergroup.com

Sworn to before on me this 25th day of February, 2026

ROSANA TOVALIN
Notary Public
State of Kansas
My Appt. Expires 3/29/2028

_____
Notary Public

My commission expires: 3/29/28