**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | Executive Development Associates, Inc. | ) | Case No. 26-40233 |
| | d/b/a EDA, Inc. | ) | |
| | | ) | Chapter 11 (Voluntary) |
| | Debtor and Debtor-in-Possession | ) | Subchapter V |

**<u>ORDER GRANTING DEBTOR'S AMENDED EMERGENCY MOTION FOR APPROVAL OF
PRELIMINARY ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 4001
CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE
PROTECTION TO FIRST POSITION LIENHOLDER UNITED STATES SMALL BUSINESS
ADMINISTRATION ("SBA")</u>**

On **2/26/2026,** Debtor filed **Doc. #33 in Case No. 26-40233,** the above Captioned Amended Emergency Motion (**hereinafter the "Motion")**.  A hearing was held on the Motion on March 4, 2026. Appearances by telephone were from Ryan Blay, WM Law, on behalf of the Debtor, Bonnie Timms, the Principal of the Debtor, Jill Parsons, Assistant US Trustee, for the Office of the United States Trustee, Matthew Barberich, Subchapter V Trustee, and Vanessa Kamberis, Assistant US Attorney, on  behalf of the US SBA.  After a proffer of evidence offered by Mr. Blay, this Court finds that said Motion is satisfactory and therefore should be GRANTED.

In doing so, the Court makes the following findings:

 1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Debtor is a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4. The relief requested in the Motion is necessary to permit the Debtor to preserve and maintain its estate, avoid immediate and irreparable harm, and maximize value for creditors.

5. The Debtor's post-petition income, proceeds, and deposit accounts may be subject to asserted liens and security interests of one or more creditors, including the Debtor's primary secured lender, the United States Small Business Administration (the "Secured Creditor"), and to the extent such interests exist, constitute "cash collateral" as defined in 11 U.S.C. § 363(a).

6.  The Debtor has demonstrated that the proposed use of cash collateral is reasonable, necessary, and appropriate under 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001(b).

7. The adequate protection provided herein satisfies the requirements of 11 U.S.C. §§ 361 and 363(e).

**IT IS FURTHER ORDERED** that the Debtor's interim use of Cash is expressly conditioned upon the following:

1. Authorization to Use Cash Collateral. Subject to the terms of this Interim Order, the Debtor is authorized to use cash collateral solely in accordance with the Budget attached as ***Exhibit A*** to the Motion, including for the payment of ordinary and necessary expenses required to preserve and maintain the Debtor's estate.

2. Adequate Protection. To the extent the Secured Creditor holds a valid, perfected, and unavoidable pre-petition interest in the Debtor's cash collateral, the Secured Creditor shall receive the following adequate protection:

(a) Replacement Liens. As additional adequate protection pursuant to 11 U.S.C. § 361(2), the Secured Creditor is granted replacement liens on post-petition rents, income, and proceeds of the Property, to the same extent and priority as any valid prepetition liens held by the Secured Creditor, solely to the extent of any diminution in value of the Secured Creditor's interest resulting from the Debtor's use of cash collateral.

(b) Preservation of Property. The Debtor shall maintain insurance coverage on the Property and shall take reasonable steps in the ordinary course of business to preserve and protect the Property.

(c) Payments of $4,111,50 monthly commencing on April 1, 2026, with payment instructions to be provided by the SBA.

3.  Reservation of Rights. Nothing in this Interim Order shall constitute a finding or admission as to the validity, extent, priority, or enforceability of any lien or claim; waive, release, or impair any rights, claims, defenses, offsets, recoupments, or causes of action of the Debtor or the estate, including avoidance actions and surcharge rights under 11 U.S.C. § 506(c); or prejudice the rights of any party in interest.

4. Interim Nature of Relief. This Interim Order is entered without prejudice to the rights of any party to seek modification of the relief granted herein or to request additional or different adequate protection at the final hearing.

**IT IS THEREFORE ORDERED as to the Motion for Use of Cash Collateral** that the Motion is hereby GRANTED on an interim basis authorizing the Debtor's interim use of cash collateral and inventory until further order of this Court.  This Court shall set a Final Hearing on the use of cash collateral to be heard on April 15, 2026 at 11:30 AM.  The hearing shall be by phone unless objections are filed by April 8, 2026.

     **IT IS SO ORDERED.**

Date: <u>March 6, 2026</u>               <u>/s/ Cynthia A. Norton</u>
                                 CYNTHIA A. NORTON
                                 BANKRUPTCY JUDGE

Respectfully submitted by:
WM Law

<u>s/ Ryan A Blay</u>
Ryan A. Blay, #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR

Approved by:

<u>/s/ G. Matt Barberich, Jr.</u>
G. Matt Barberich, Jr.
GlassRatner Advisory & Capital
Group, LLC
7101 College Boulevard, Suite 730
Overland Park, KS 66210
913-389-9270
Mbarberich@glassratner.com
Subchapter V Trustee

<u>/s/ Jill D. Parsons</u>
Jill D. Parsons
Assistant U.S. Trustee,
Western District of Missouri
Office of the U.S. Trustee
400 E. Ninth St. Room 3440
Kansas City, MO  64106
Office: (816) 512-1943
Work Cell:  (202) 531-9316
Email: jill.parsons@usdoj.gov

/s/ Vanessa Kamberis
Vanessa Kamberis
Assistant U.S. Attorney –
Civil Division
Kansas City, MO
Office: 816-426-4125
Vanessa.Kamberis@usdoj.gov